UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORSTER,<br><br>     Plaintiff,<br><br>v.<br><br>ORANGE COUNTY et al.,<br><br>     Defendants. | Case No. 8:18-cv-01551-SB-JEM<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE [DKT. NO. 75] AND GRANTING SUMMARY JUDGMENT IN PART |

After Magistrate Judge John McDermott determined that the record and arguments in their first motion for summary judgment were insufficient, Defendants Orange County and Deputies Amber Garcia, Kenneth Demauro, and Truc Nguyen filed a renewed motion for summary judgment on all of Plaintiff Joshua Forster's claims. Dkt. No. 69. The Magistrate Judge issued a Report and Recommendation (R&R) suggesting that the renewed summary judgment motion should be denied in full, Dkt. No. 75, and notified the parties that any objections were due by August 15, 2022, Dkt. No. 76. That deadline has passed, and no objections have been filed. Pursuant to 28 U.S.C. § 636, the Court has reviewed the motion, opposition, reply, R&R, and the record.

Section 636(b)(1)(C) requires a district judge reviewing an R&R to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where no objections are filed, no review is required. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district

judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). But "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

In the absence of any objections, the Court accepts the R&R with respect to Plaintiff's claims against the County in Counts 1 through 10 and against Demauro and Nguyen in Count 11. The motion is therefore DENIED as to Plaintiff's claims against the County, Demauro, and Nguyen.

The Court does not accept the R&R as to Plaintiff's claim against Garcia in Count 11. Plaintiff alleges that Garcia (along with Demauro and Nguyen) violated his rights under the Eighth and Fourteenth Amendments when she failed to house him appropriately as a civil detainee awaiting adjudication of his status as a sexually violent predator (SVP). Dkt. No. 1 at 32. Under *Jones v. Blanas*, 393 F.3d 918, 932–33 (9th Cir. 2004), on which Plaintiff relies, an individual detained while awaiting civil commitment proceedings "cannot be subjected to conditions that 'amount to punishment,'" and "when a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held," he is presumed to be subjected to punishment.

It is undisputed that Defendant Garcia's only involvement with Plaintiff was to classify him as "Protective Custody – Other" when he arrived at the Intake and Release Center (IRC) in Santa Ana, California on November 11, 2016. Dkt. No. 69-3 at 2–3. Although Plaintiff was awaiting SVPA civil commitment proceedings when he was transferred to the IRC, he was also still serving a prison sentence, which did not end until he was paroled a month later. The Magistrate Judge noted that "[i]t is not clear to the Court whether, for purposes of adjudicating his claims, Plaintiff should have been considered an SVP detainee immediately upon his arrival at IRC or whether he became one when he was paroled," but he concluded that "the issue does not affect the Court's ultimate recommendations." Dkt. No. 75 at 14 n.7.

This Court finds this uncertainty not only material but dispositive. Garcia has invoked qualified immunity, which shields her from civil liability unless her conduct violated Plaintiff's clearly established statutory or constitutional rights. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. (cleaned up). Neither *Jones* nor any other case

2

cited by Plaintiff or the Magistrate Judge suggests, much less clearly establishes, that an inmate serving a prison term may not be classified or incarcerated as a prisoner simply because he is also awaiting civil commitment proceedings. Garcia's only interaction with Plaintiff occurred before he was paroled in December 2016, and Plaintiff has not produced any evidence that Garcia's initial classification of him was unlawful or otherwise improper.[1]  Because Garcia did not violate Plaintiff's clearly established rights, she is entitled to summary judgment based on qualified immunity.

Defendants' motion for summary judgment is therefore GRANTED as to Defendant Garcia, and Plaintiff's claim against Garcia in Count 11 is DISMISSED on the merits with prejudice.

The Court is considering the appointment of counsel for Plaintiff, if an attorney who is willing to represent him pro bono at trial can be found. As soon as possible, and no later than September 9, 2022, Plaintiff is ORDERED to file either a statement of consent to the appointment of counsel or an objection if he does not wish to be represented by counsel. The Court will then hold a scheduling conference and set this matter for trial.

Date: August 29, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] In contrast, the challenged acts of Defendants Demauro and Nguyen occurred in June 2017, when Plaintiff had been paroled and his pending civil commitment hearing provided the only basis for detaining him. Plaintiff continued to be detained in conditions that he claims were unconstitutionally restrictive until he was transferred to Coalinga State Hospital in October 2017. Dkt. No. 1 at 22 of 34. On this record, it is difficult to discern what, if anything, Demauro and Nguyen were required to do differently and whether their acts caused Plaintiff to be improperly treated as a prisoner in violation of his constitutional rights. Given Defendants' failure to develop the record and object to the R&R, the Court accepts the Magistrate Judge's conclusion that, viewing the evidence in the light most favorable to Plaintiff, fact issues preclude summary judgment for Demauro and Nguyen.